UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-20056-MARTINEZ

UNITED STATES OF AMERICA

vs.

KEVIN BRANSON,

        Defendant.
_____/

## FACTUAL PROFFER

The United States of America and KEVIN BRANSON agree that the following facts are true and, had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

Investigation has revealed that since at least November 2024, KEVIN BRANSON (hereinafter the Defendant) and his co-defendant, George Alvarez (hereinafter co-defendant), along with various known and unknown co-conspirators, distributed various narcotics, including protonitazene, methamphetamine, and butonitazene. The Defendant and co-defendant obtained these narcotics from China in powder form and manufactured them into pills using a pill press. Using the U.S. Postal Service, the Defendant and co-defendant then mailed packages filled with narcotics to customers who purchased the narcotics via a dark web marketplace or other online platform. These customers were located all throughout the United States.

As part of the conspiracy, on January 17, 2025, investigators observed the Defendant deposit thirteen USPS parcels at a "drop box" for outgoing packages at the US Post Office located at 1000 West Palm Dr, Homestead, FL. One of the packages was seized and a search warrant was obtained. Inside were an estimated two thousand (2,000) pills in an unmarked, vacuum-sealed bag. These pills were off-white in color and marked identically to 10mg Percocet tablets. Also inside was as a small zip-lock plastic bag containing approximately twenty (20) blue pills with varied



identifying markings. These pills were transported to a CBP facility in Doral, FL for analysis. Samples of the off-white tablets marked identically to 10mg Percocet pills and the different types of blue pills all showed a presumptive positive result for the presence of butonitazene.

On January 22, 2025, investigators observed the co-defendant depart his residence in the Silverado and watched as he arrived at a U-Haul facility. Utilizing a combination of live physical surveillance and video footage later obtained from U-Haul, law enforcement observed the co-defendant remove a hydraulic pill press from the storage unit and place it on a wheeled dolly. The co-defendant wheeled the pill press to the Silverado and placed it in the rear passenger compartment. The co-defendant then brought the dolly back to the storage unit and removed two large cardboard boxes. He placed these boxes on the dolly and rolled them out to the Silverado before placing them inside the rear passenger compartment. The co-defendant then drove the Silverado directly to his residence and unloaded these items. He carried all three items into the garage of his residence and the garage door subsequently closed. The Defendant arrived less than fifteen minutes later and entered the residence.

On January 28, 2025, search warrants were executed at the Defendant's home and on his vehicle, as well as the co-defendant's home and Silverado, and the storage facility. Inside the co-defendant's home garage was a full clandestine pill laboratory. Among the items found during the searches were the following:

    a.    <u>From the Defendant's residence</u>: several plastic bags containing different types of counterfeit pills consistent with those seized earlier in the investigation; several USPS parcels each containing varied quantities and types of counterfeit pills consistent with those seized earlier in this investigation; a Smith & Wesson 9mm semi-automatic handgun; bulk US currency; and several pieces of jewelry;

    b.    <u>From the co-defendant's residence</u>: tens of thousands of counterfeit pills consistent with those seized earlier in this investigation; liquid gel material meant for the



        manufacture of counterfeit pill press components, digital scales, glassware and instruments consistent with the clandestine manufacture of counterfeit pills; safety glasses, latex gloves, and Naloxone dispensers (which rapidly reverse opioid overdoses); packaging material such as plastic zip-lock bags, rolls of packing paper, packing tape, vacuum-seal bags, vacuum sealers, and USPS parcel envelopes and boxes; and

    c.    <u>From the storage unit</u>: an unregistered pill press wrapped in a fitted gray bed-sheet consistent with that seen earlier at the U-Haul facility and at the co-defendant's residence; punch die molds and tablet stamps utilized to manufacture trademarked pharmaceutical pills; crystal methamphetamine; differing types of counterfeit pills consistent with those seized earlier in this investigation; and other narcotics in powder form which are pending laboratory analysis.

The loaded Smith & Wesson firearm seized at the Defendant's residence was in the bedroom shared by the Defendant and his girlfriend. The firearm was found resting on top of a computer owned by the Defendant. The Defendant is a convicted felon from a previous federal felony conviction in case 18-CR-20844-Moreno. He served 366 days in prison on that charge. He was aware that he was a convicted felon at the time that he possessed the firearm in this case.

All the narcotics seized in this case were sent to the DEA lab for analysis. The DEA lab confirmed that the following substances were present:

    a.    protonitazene: 8.73 kilograms;
    b.    methamphetamine: 909 grams;
    c.    fentanyl: 4.18 grams;
    d.    cocaine base: 0.70 grams;
    e.    cocaine: 249.5 grams;
    f.    MDMA: 45.44 grams;
    g.    ketamine: 76.93 grams;
    h.    phenalozam: 1383.36 grams;
    i.    $\Delta$8-tetrahydrocannabinol: 1907.6 grams;
    j.    promethazine: 111.8 grams; and
    k.    alprozolam: 4.965 kilograms.

The total weight of all the narcotics listed above are attributable to the Defendant for purposes of sentencing.



                                          HAYDEN P. O'BYRNE
                                        UNITED STATES ATTORNEY

Date: __5/15/2025__    By: _____
                                     MONIQUE BOTERO
                                     ASSISTANT UNITED STATES ATTORNEY

Date: __5/15/25__      By: _____
                                     JORGE DEL VILLAR, ESQ.
                                     COUNSEL FOR DEFENDANT

Date: __5/15/25__      By: _____
                                     KEVIN BRANSON
                                     DEFENDANT

